UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VENICE PI, LLC,

        Plaintiff,

   v.

DAVID MEINERT, et al.,

        Defendants.

C17-1403 TSZ

ORDER

THIS MATTER comes before the Court on plaintiff Venice PI, LLC's motion for voluntary dismissal, docket no. 62, and defendant David Meinert's motion for summary judgment, docket no. 63.  Having reviewed all papers filed in support of, and in opposition to, the motions, the Court enters the following order.

**Discussion**

This case is one of twelve (12) actions filed by plaintiff.  In this matter, plaintiff sued twelve (12) anonymous ("Doe") defendants, each associated with a different Internet Protocol ("IP") address that was allegedly part of a "swarm" purportedly "reproducing, distributing, displaying, or performing" plaintiff's copyrighted motion picture titled "Once Upon a Time in Venice."  Compl. at ¶¶ 5-6 & 17 and Ex. B (docket

ORDER - 1

1 no. 1). Plaintiff voluntarily dismissed its claims against Does 1, 3, 4, and 12 because the

2 Internet Service Provider ("ISP") did not provide subscriber information for the IP

3 addresses associated with those defendants. *See* Notice (docket no. 12). In an Amended

4 Complaint filed on November 2, 2017, plaintiff identified eight (8) individuals as

5 defendants, including David Meinert and Kurt Eichmeier. *See* Am. Compl. (docket

6 no. 13). Plaintiff settled with one of the named defendants (Doru Pintilei aka Doe 9), *see*

7 Stipulation (docket no. 16), and dismissed another named individual (Donovan Jones aka

8 Doe 2) because it was unable to serve him, *see* Summons Return (docket no. 24); Notice

9 (docket no. 32). On December 29, 2017, defendant Kurt Eichmeier filed an Answer,

10 docket no. 35, to the Amended Complaint.

11       On August 27, 2018, the United States Court of Appeals for the Ninth Circuit

12 issued its decision in *Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142 (9th Cir. 2018),

13 making clear that a copyright infringement claim based merely on a defendant's status as

14 the subscriber of an IP address associated with infringing activity does not cross the

15 threshold of "plausibility" required of pleadings in federal court. *See id.* at 1145-47. On

16 October 19, 2018, the Court directed plaintiff to show cause why, in light of *Cobbler*, the

17 Amended Complaint should not be dismissed either with or without prejudice. *See*

18 Minute Order (docket no. 53). On December 3, 2018, defendant David Meinert filed an

19 Answer, docket no. 55, to the Amended Complaint. On December 7, 2018, Meinert filed

20 objections, docket nos. 57 and 58, to plaintiff's response to the show cause order, docket

21 no. 54.

22

23

ORDER - 2

On April 22, 2019, plaintiff filed a notice of voluntary dismissal as to four of the six remaining defendants, namely Julie Deutsch (Doe 6), Trisha Braun (Doe 8), Hector Zapata (Doe 10), and Diamond Hale (Doe 11), none of whom had answered or otherwise appeared in the action.  <u>See</u> Notice (docket no. 61).  Plaintiff now seeks to dismiss its claims against Meinert and Eichmeier without prejudice.  Eichmeier has not responded to plaintiff's motion.  Meinert, however, objects to any dismissal without prejudice, and moves for summary judgment and/or dismissal with prejudice, as well as an award of attorney's fees and costs.

In connection with his motion for summary judgment, Meinert indicates that he has never resided at the location (16021 - 21st Avenue SW in Burien) that is associated with the IP address at issue.  <u>See</u> Meinert Decl. at ¶ 5 (docket no. 63-1).  Meinert owns the residence, but he rents it to tenants, and he has separate Internet service for his neighboring home (16039 - 21st Avenue SW in Burien).  <u>See id.</u> at ¶¶ 2 & 5-6.  Although Meinert has filed other materials in this matter, he has not previously explained his relationship to the house that is linked to the infringing activity at issue.

In response to Meinert's motion, plaintiff asserts that its ability to conduct a reasonable inquiry concerning whether Meinert was an appropriate defendant was somehow limited by the Court and that Meinert's failure to disclose his status as a landlord in his earlier submissions to the Court undermines his credibility.  Plaintiff also relies on Federal Rule of Civil Procedure 56(d) to contend that it is unable to "present facts essential to justify its opposition" to Meinert's motion, and that the Court should therefore deny the motion.

ORDER - 3

Plaintiff was on notice when it attempted to serve Meinert that it might not have named the correct defendant.  The process server indicated that the person accepting service at 16021 - 21st Avenue SW in Burien refused to identify himself, but confirmed that Meinert owned the house.  <u>See</u> Proof of Service (docket no. 25).  Given the person's efforts to remain anonymous, but acknowledgement that Meinert owned the house, plaintiff could have drawn the reasonable conclusion that the individual was not Meinert, and that Meinert might have one or more roommates or tenants.  Nothing in the Court's prior rulings precluded plaintiff from engaging in further investigation to determine whether Meinert was properly named as a party.

Moreover, the aspersions that plaintiff has attempted to cast against Meinert for waiting until now to clarify matters are unwarranted.  The Amended Complaint alleged that Comcast had assigned IP address 73.109.57.2 to Meinert at 16021 - 21st Avenue SW in Burien for a period of time including August 14, 2017, and that the IP address was observed infringing plaintiff's motion picture on that date.  Am. Compl. at ¶ 18 (docket no. 13).  In his Answer, Meinert responded that he lacked information sufficient to form a belief as to accuracy of the facts set forth and thus denied the allegations in Paragraph 18.  <u>See</u> Answer at ¶ 18 (docket no. 55).  Given that the allegation in the operative pleading concerned what Comcast (not Meinert) had done, namely assigning an IP address to Meinert at a particular location on a specific date, and what the IP address (not Meinert) had done, namely infringing plaintiff's motion picture, Meinert's indication that he lacked information and his related denial were reasonable and entirely consistent with the Federal Rules of Civil Procedure.

ORDER - 4

Although plaintiff offers no grounds for believing that discovery in this matter would produce evidence contradicting Meinert's declaration or establishing that he, in fact, resided at 16021 - 21st Avenue SW in Burien and was using the BitTorrent network to infringe plaintiff's motion picture on the date in question, the Court agrees with plaintiff that, in the absence of an opportunity to conduct discovery, a grant of summary judgment would be improper.  Even if the Court dismissed the claims against Meinert with prejudice, it would not award Meinert attorney's fees, and thus, the prospect of attorney's fees is not a basis for summary judgment or for dismissal with prejudice. Under the Copyright Act, attorney's fees are discretionary, and the Court may decline to award them.  See Killer Joe Nevada, LLC v. Does 1-20, 807 F.3d 908, 911 (8th Cir. 2015); Palladium Music, Inc. v. EatSleepMusic, Inc., 398 F.3d 1193, 1200-01 (10th Cir. 2005); see also Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 n.19 (1994).  When plaintiff filed this action, the law was unsettled, and the Court is satisfied that an award of attorney's fees in this matter is not required to deter plaintiff from pursuing these types of now meritless actions in the future.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Plaintiff's motion for voluntary dismissal, docket no. 62, is GRANTED, and plaintiff's claims against defendants David Meinert and Kurt Eichmeier and this action are DISMISSED without prejudice;

(2) Defendant David Meinert's motion for summary judgment, docket no. 63, is DENIED.

ORDER - 5

(3) The Clerk is directed to send a copy of this Order to all counsel of record and to CLOSE this case.

IT IS SO ORDERED.

Dated this 12th day of September, 2019.

Thomas S. Zilly
United States District Judge

ORDER - 6